UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>                              Petitioner,<br><br>v.<br><br>RALPH DIAZ; XAVIER BECERRA,<br><br>                              Respondents. | Case No. 20cv1611-MMA-AGS<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On August 17, 2020, Petitioner Marlon Blacher, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 murder conviction from the Contra Costa County California Superior Court. *See* Doc. No. 1.  Petitioner also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2.  The Court denied Petitioner's motion for leave to proceed IFP based on Petitioner's failure to provide the statutorily required information to determine his financial status. *See* Doc. No. 3 at 2.  The Court dismissed the petition without prejudice to Petitioner's right to proceed with his claims in the proper venue of the United States District Court for the Northern District of California. *See id*. at 3.  The Clerk of Court entered judgment and closed the case. *See* Doc. No. 4.

On September 22, 2020, Petitioner filed a Notice of Appeal. *See* Doc. No. 5. Thereafter, the United States Court of Appeals for the Ninth Circuit remanded the case to this Court "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." *See* Doc. No. 7 at 1 (citing 28 U.S.C. §2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997)).

Upon due consideration, the Court finds that Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court noted in its order of dismissal, "a request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution." Doc. No. 3 at 1-2 (citing Rule 3(a)(2), 28 U.S.C. foll. § 2254; CIVLR 3.2). The Advisory Committee Notes following Rule 3 explain, "[a] petition must be accompanied by the filing fee prescribed by law (presently $5; *see* 28 U.S.C. § 1914(a)), unless leave to prosecute the petition in forma pauperis is applied for and granted. In the event the petitioner desires to prosecute the petition in forma pauperis, he must file the affidavit required by 28 U.S.C. § 1915, together with a certificate showing the amount of funds in his institutional account." Petitioner did not provide the statutorily required information and as such, the Court was obligated to dismiss the petition without prejudice.

Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATE: October 6, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge